# WASHINGTON STATE
# OFFICE OF ADMINISTRATIVE HEARINGS

| In the matter of: | Docket No. ▮ |
|---|---|
| ▮ Claimant. | **INITIAL ORDER**<br><br>Agency: Employment Security Department<br>Program: Unemployment Insurance<br>Agency No. 10544993 |

BYE: 2/16/2019        CID: 2LRDJ4        UIO: Intrastate

**Hearing:** This case was heard by Administrative Law Judge Eric Roth on June 29, 2018, after notice to all interested parties.

**Persons Present:** SAMI ANWAR (CEO) and ▮ (Human Resources Manager) on behalf of MID COLUMBIA RESEARCH LLC, Employer; J.J. SANDLIN, Attorney for Employer (WSBA #7392); ▮ Claimant; and ▮, witness for claimant.

**Exhibits:** The Administrative Law Judge admitted Exhibits 1 through 26.

The purpose of the hearing was to determine whether:

- The claimant was able to, available for, and actively seeking work in accordance with the standards of RCW 50.20.010(1)(c).

- The claimant voluntarily quit with good cause due to illegal activities at the worksite under RCW 50.20.050(2)(b)(ix), voluntarily quit without good cause under RCW 50.20.050(2)(a), or was discharged for misconduct under RCW 50.20.066, as defined in RCW 50.04.294.

After considering all of the evidence, the Administrative Law Judge enters the following Findings of Fact, Conclusions of Law and Initial Order.

## FINDINGS OF FACT:

1. On March 21, 2018, the Employment Security Department issued a written Determination Letter that allowed the claimant unemployment benefits beginning February 18, 2018, on the basis that the claimant had good cause to quit work. The Employer is the Appellant in this matter and filed an appeal on April 6, 2018.

2. The claimant worked for the employer, Mid Columbia Research LLC, from June 19, 2017 until December 29, 2017. The claimant was a Research Coordinator, a

full time, non-union position, and was earning approximately $17.00 per hour when the job separation occurred.

3. The employer conducts pharmaceutical research. The claimant's job duties included performing tasks associated with such research.

4. The employer conducted research using people who served as test subjects (the "test subjects"). Test subjects were expected to appear for appointments at which the employer drew physical samples from them, such as blood samples. The claimant's duties included collecting samples from test subjects.

5. If a test subject did not appear for an appointment, the employer instructed the claimant to complete the appointment by taking samples from another person, such as co-worker or the claimant herself. The employer instructed the claimant to complete appointments in this way to ensure that the sponsor of the research paid the employer for each appointment.

6. If the claimant completed an appointment by taking samples from someone other than a test subject, the employer still identified the samples as having come from the test subject.

7. The claimant believed the practice of taking samples from persons other than test subjects, yet identifying the samples as having come from the test subjects, to be unethical and fraudulent.

8. The claimant was afraid to confront the employer about the practice of taking samples from persons other than test subjects because she feared the employer would retaliate against her and was unsure how it might do so.

9. Several weeks before she resigned, the claimant told the employer of her discomfort with the employer's practice of taking samples from persons other than test subjects.

10. The employer continued its practice of taking samples from persons other than test subjects when test subjects did not appear. The employer continued identifying such samples as having come from test subjects, even though they did not.

11. The claimant resigned from the employer on December 29, 2017, because she believed the employer's practice of replacing test subjects with other persons was unethical.

12. The claimant did not tell the employer why she quit because she was afraid the employer might retaliate against her.

13. During the weeks the claimant sought unemployment benefits, the claimant was physically able to work, was available for work, and actively sought work, as required.

INITIAL ORDER

OAH: (800) 366-0955
Page 2

## CONCLUSIONS OF LAW:

1. The Office of Administrative Hearings has jurisdiction to hear and decide this appeal under RCW Chapters 50.32 and 34.05.

2. RCW 50.20.010(1)(c)(ii) applies to all people who claim unemployment benefits. This law states that an unemployed person seeking unemployment benefits must be:

    a. able and willing to work,

    b. actively seeking suitable work, and

    c. available to immediately begin suitable work.

3. Here, during the weeks the claimant sought unemployment benefits, the claimant was able to work, was available for work, and actively sought suitable work as required by RCW 50.20.010(1)(c)(ii).

4. An individual is disqualified from receiving unemployment benefits for leaving work voluntarily without good cause. RCW 50.20.050(2)(a).

5. The Employment Security Act was enacted to award unemployment benefits to individuals who are unemployed through no fault of their own. RCW 50.01.010. A claimant who voluntarily resigns from employment has the burden of establishing "good cause" for quitting by the preponderance of the evidence.

6. A preponderance of the evidence is that evidence which produces the stronger impression, has the greater weight, and is more convincing as to its truth when weighed against the evidence in opposition to it. *Yamamoto v. Puget Sound Lumber Co.*, 84 Wash. 411, 146 P. 861 (1915).

7. RCW 50.20.050(2)(b) provides only eleven "good cause" reasons to quit work:

    i. a bona fide offer of new work;

    ii. the death, disability, or illness of oneself or an immediate family member;

    iii. relocation for a spouse or domestic partner's employment;

    iv. protection of self or an immediate family member from domestic violence or stalking;

    v. 25 percent or greater reduction in pay;

    vi. 25 percent or greater reduction in hours;

    vii. increased commute because of employer worksite change;

    viii. deterioration of worksite safety;

    ix. illegal activities at the worksite;

    x. change in work duties that violates religious convictions or sincere moral beliefs; and,

    xi. beginning an apprenticeship program.

8. The provisions of RCW 50.20.050(2)(b)(ix) and WAC 192-150-135 describe when "good cause" exists for quitting work because of illegal activities at the worksite:

    a. Illegal activities include violations of both civil and criminal law.

    b. Before quitting, the claimant is required to report the illegal activities to the employer, and the employer must have failed to correct such activities within a reasonable period of time.

    c. The claimant is not required to notify the employer before quitting when the employer is conducting the illegal activity and notifying the employer could jeopardize the claimant's safety, or is contrary to other federal and state laws (for example, whistleblower protection laws).

9. Under Washington's common law, fraud may be proven by establishing nine elements: 1) representation of an existing fact; 2) materiality; 3) falsity; 4) the speaker must know of its falsity and 5) intend that the plaintiff act upon it; 6) the plaintiff must not know the representation is false, 7) must rely on its truth, and 8) have a right to rely upon it; and 9) damages must result. See, e.g., *Stiley v. Block*, 130 Wn.2d 486, 925 P.2d 194 (1996).

10. The parties' testimony conflicted on material points. In resolving these conflicts, the demeanor and motivation of the witnesses was considered, as well as the logical persuasiveness of the parties' evidence, including testimony. The undersigned finds the claimant's testimony more persuasive than the employer's. In entering this finding, I need not be persuaded beyond a reasonable doubt as to the true state of affairs, nor must the evidence be deemed clear, cogent, and convincing. It is only necessary to determine what most likely happened. *In re Murphy*, Empl. Sec. Comm'r Dec. 2d 750 (1984).

11. In this case, the claimant has established good cause for quitting her job under RCW 50.20.050(2)(b)(ix) and WAC 192-150-135 by a preponderance of the evidence. The claimant quit because the employer instructed her to falsify research results in the course of pharmaceutical research. The employer instructed the claimant to do so by taking samples from persons other than test subjects, such as from co-workers or the claimant herself, when test subjects did not appear for appointments. The employer labeled those samples as if they came from test subjects, even though they did not. This was done to ensure that

sponsor of the research would pay the employer for the test subject's visit. This activity satisfies the elements of common law of fraud and may also violate such laws as Washington's Consumer Protection Act, RCW Chapter 19.86, which prohibits deceptive business practices. The claimant reported her discomfort with this illegal activity to the employer several weeks before she resigned. The employer failed to correct the illegal activity, and the claimant resigned because of it. Under these facts, the claimant has established good cause for quitting and is not disqualified from receiving benefits.

Now, therefore, it is **ORDERED:**

The determination of the Employment Security Department under appeal is **AFFIRMED.**

The claimant was able, available and actively seeking work in compliance with the terms set forth in RCW 50.20.010(1)(c). The claimant is eligible to receive unemployment benefits pursuant to RCW 50.20.010(1)(c).

The claimant has established good cause for quitting due to illegal activities at the worksite pursuant to RCW 50.20.050(2)(b)(ix). The claimant is not disqualified from benefits as a result of the separation from employment.

**Employer:** If you are a base year employer for this claimant, or become one in the future, your experience rating account will be charged for any benefits paid on this claim or future claims based on past wages you paid to this individual. If you are a local government or reimbursable employer, you will be directly liable for any benefits paid. Benefit charges or liability will accrue unless this decision is set aside on appeal. See RCW 50.29.021. If you pay taxes on your payroll, any charges for this claim could be used to calculate your future tax rates.

If you are the claimant's separating employer **and** one of the base year employers, **your experience rating account will be charged for 100% of the benefits paid if no petition for review** is filed and this decision becomes final after 30 days from the date of mailing.

**Notice to Claimant:** Your former employer has the right to appeal this decision. If this decision is reversed because it is found you did not have good cause to voluntarily quit work, all benefits paid as a result of this decision will be an overpayment. State law says you may be required to repay the overpayment of benefits. See RCW 50.20.190.

Dated and mailed July 3, 2018, from Spokane Valley, Washington.

_Eric J. Roth_

Eric Roth
Administrative Law Judge
Office of Administrative Hearings

**Certificate of Service**
I certify that I mailed a copy of this order to each party at the address listed below, postage prepaid, on the date stated above.

*[signature]*

Renee Demaray-Wasson
Representative
Office of Administrative Hearings
16201 E. Indiana Avenue, Suite 5600
Spokane Valley, WA 99216

Claimant

MID COLUMBIA RESEARCH LLC
C/O ZAINCOS INC
2630 N COLUMBIA CENTER BLVD
RICHLAND, WA 99352

Employer

## YOU HAVE THE RIGHT TO APPEAL

This decision becomes final unless a Petition for Review is filed with the Commissioner's Review Office of the Employment Security Department ("Department"). If you disagree with the Administrative Law Judge's order, you may file a Petition for Review stating the reasons why you disagree. Include the docket number(s) on your Petition for Review. If you submit your Petition for Review late, explain why it is being filed late. Do not write more than five (5) pages. **If you failed to attend the hearing, please tell us the reason why.**

You may use the form on the following page to file your Petition for Review in writing. You must submit your Petition for Review by mailing it to:

**Commissioner's Review Office
Employment Security Department
P.O. Box 9555
Olympia, WA 98507-9555**

Alternatively, you may e-file your Petition for Review by using the Department's eServices online. You must first create an eServices account by visiting the Department's website at https://secure.esd.wa.gov. If you file your Petition using the Department's eServices online, your submission is limited to the equivalent of five typewritten pages.

Your Petition for Review must be postmarked or e-filed on or before **August 02, 2018**. Do not file your Petition for Review by facsimile (fax).