

**THE LAW OFFICES OF**
**AlanEllis** 50+ YEARS
SAN FRANCISCO   NEW YORK

PRACTICE LIMITED TO FEDERAL CRIMINAL LAW

ALAN ELLIS, Admitted in PA
Of Counsel:
  Jonathan Edelstein, Admitted in NY
  Nellie Torres Klein, Admitted in CA
  Douglas A. Passon, Admitted in AZ
Sentencing Consultant:
  Mark Allenbaugh, J.D.

REPLY TO:
35501 South Highway 1
Unit 150
Gualala, CA 95445-9553

December 17, 2021

Acting Warden
FCI Sheridan
27072 BALLSTON ROAD
SHERIDAN, OR  97378

SHE-ExecAssistant@bop.gov

**RE:   ANWAR, SAMI**
       **Register Number 21140-085**

Dear Acting Warden:

My law firm has been retained to represent Mr. Sami Anwar, register number 21140-085, who currently is incarcerated at your facility. Mr. Anwar is 43 and suffers from various illnesses described below and more specifically in the attached letter from Dr. Thomas E. McNalley, a board-certified physician board certifications in adult and pediatric physical medicine, rehabilitation, hospice, and palliative medicine. We are authorized to act on his behalf.

Mr. Anwar is seeking Compassionate Release pursuant to Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)*. Mr. Anwar is 43, holds a doctorate degree in medicine, and has no scoreable criminal history other than the instant offense conduct.

www.alanellis.com

CALIFORNIA    35501 SOUTH HIGHWAY 1, UNIT 150, GUALALA, CA 95445-9553 · Phone 415.235-9058 · AELaw1@alanellis.com
NEW YORK      501 FIFTH AVENUE, SUITE 514, NEW YORK, NY 10017 · Phone 212.252.9775 · Fax 212.382.3610 · AELaw1@alanellis.com

"One of this country's pre-eminent criminal defense lawyers" -- *Federal Lawyer* magazine

"A nationally recognized expert in federal criminal sentencing." -- U.S. Court of Appeals for the Ninth Circuit

Past President, National Association of Criminal Defense Lawyers

*Of Counsel attorneys work with The Law Offices of Alan Ellis on a case-by-case basis.*

On October 1, 2020, he was sentenced to 360 months in custody after being found guilty of various courts of wire and mail fraud. Mr. Anwar is scheduled to be released on December 30, 2042, with full good conduct time credit.

As indicated in Dr. McNalley's report (attached), Mr. Anwar has been diagnosed with (1) papillary thyroid carcinoma, (2) Type 2 diabetes mellitus, and is (3) unimmunized against Covid-19. Each of these are recognized by the CDC as risk factor. *See* https://www.cdc.gov/coronavirus/2019-ncov/needextra-precautions/people-with-medical-conditions.html. Additionally, Dr. McNalley notes Mr. Anwar's anxiety, which also serves as a comorbidity.

We ask that you please take immediate action to review Mr. Anwar's status since his continued detention during the COVID-19 pandemic is a direct and immediate threat to his life in light of the rapid spread of new variants, especially the Delta and Omicron variants. The Omicron variant, in particular, appears to evade most vaccines and requires at least a booster. According to a recent study out of Israel, even with a booster shot, such will only provide "about ***four times lower***" efficacy against Omicron "than the neutralization ability against Delta. . . . [W]e [also] don't know if this will decrease with time and we're working on that."[1] At least one widely available vaccine—Johnson & Johnson—provides no protection against Omicron.[2]

In the alternative, we ask that you consider Mr. Anwar for release to home confinement based on Attorney General (AG) Barr's memoranda issued on March 25, 2020, and April 3, 2020, and the Assistant Director for Correctional Programs Division Andre Matevousian's memorandum issued on April 13, 2021.

As an incarcerated individual where social distancing and appropriate Personal Protection Equipment are difficult to enforce if not impossible, his chances of contracting COVID-19 are obviously far higher than on the outside.

Indeed, as the graphic on the next page illustrates, FCI Sheridan has been over its rated capacity for over the past year. Moreover, despite being over capacity, the population continues to increase. Thus, chances are quite high Mr. Anwar will contract COVID-19.

---

[1] Nathan Jeffay, *Israeli Study Finds 2 Pfizer Shots Fail to Neutralize Omicron, but Booster Effective*, The Times of Israel, Dec. 12, 2021, https://www.timesofisrael.com/israeli-study-finds-2-pfizer-shots-fail-to-neutralize-omicron-but-booster-effective/.

[2] Antony Sguazzin, *J&J Shot Loses Antibody Protection Against Omicron in Study*, Bloomberg, Dec. 15, 2021, https://www.bloombergquint.com/coronavirus-outbreak/j-j-shot-shows-no-neutralization-against-omicron-in-lab-study.



While the current number of active infections reported at FCI Sheridan are seemingly low, there is merely a single test pending as of December 16, 2021. Obviously, without widespread testing, the BOP has no visibility on the spread of COVID-19, especially the highly infectious Delta and Omicron Variants.

Confined to his home, as opposed to living within a prison, the chances of Mr. Anwar contracting COVID-19 are dramatically reduced. Furthermore, he will be able to continue his medical treatment *in a timely manner* outside the confines of the federal prison.

There is nothing there to indicate that the BOP is even remotely equipped to provide adequate medical care to Mr. Anwar in a correctional environment, which has had to dramatically reorganize its internal procedures during an unprecedented pandemic. Indeed, it has been well-documented that the BOP has not been able to provide adequate medical care—especially to elderly inmates—even before the pandemic. As the Office of Inspector General found, despite the fact aging inmates require significantly more medical care than younger inmates, there still was "limited institution staff and inadequate staff training [which] affect the BOP's ability to address the needs of aging inmates. The physical infrastructure of BOP institutions also limits the availability of appropriate housing for aging inmates."[3]

In a separate report, "[t]he OIG found that recruitment and retention of medical professionals is a serious challenge for the BOP, in large part because the BOP competes with private employers that offer higher pay and benefits. We further found that the BOP has not proactively identified and addressed its medical

---

[3] Ofc. of Insp. Gen., Dep't of Justice, *The Impact of an Aging Inmate Population on the Federal Bureau of Prisons* i (Rev. Feb. 2016), available at https://oig.justice.gov/reports/2015/e1505.pdf.

recruiting challenges in a systemic way. Rather, it has attempted in an uncoordinated fashion to react to local factors influencing medical recruiting at individual institutions."[4] The only thing that has changed since these reports were issued is that matters have gotten demonstrably worse due to the pandemic.

As federal judges in this Circuit have recognized,

> It is apparent that we should not be adding to the prison population during the COVID-19 pandemic if it can be avoided. Several recent court rulings have explained the health risks—to inmates, guards, and the community at large—created by large prison populations. Complications have already begun inside federal prisons—inmates and prison employees are starting to test positive for the virus, quarantines are being instituted, visits from outsiders have been suspended, and inmate movement is being restricted even more than usual. To avoid adding to the complications and creating unnecessary health risks, offenders who are on release and scheduled to surrender to the Bureau of Prisons in the coming months should, absent extraordinary circumstances, have their surrender dates extended until this public health crisis has passed.

*United States v. Powell*, No. 19-cr-00061, 2020 U.S. Dist. LEXIS 62077, *1-*2, 2020 WL 1540485 (N.D. Cal. Mar. 27, 2020) (Illston, J.); *United States v. Huang*, No. 19-cr-00110, 2020 U.S. Dist. LEXIS 58355, *1-*2, 2020 WL 1540483 (N.D. Cal. Mar. 27, 2020) (Illston, J.); *United States v. Garlock*, No. 18-cr-00418, 2020 U.S. Dist. LEXIS 53747, *1-*2, 2020 WL 1439980 (N.D. Cal. Mar. 25, 2020) (Chhabria, J.).

Accordingly, we urge you to please review this matter and move Judge Edward F. Shea of the U.S. District Court for the Eastern District of Washington for Mr. Anwar's compassionate release. Alternatively, we ask you to please consider him for home confinement. If any further information is required, please do not hesitate to contact me at (415) 895-5076. I look forward to hearing from your office in the near future.

Sincerely,

Alan Ellis
Attorney for Sami Anwar

---

[4] Ofc. of Insp. Gen., Dep't of Justice, *Review of the Federal Bureau of Prisons' Medical Staffing Challenges* i-ii (Mar. 2016), available at https://oig.justice.gov/reports/2016/e1602.pdf.