Vanessa R. Waldref
United States Attorney
Brian M. Donovan
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington  99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>SAMI ANWAR,<br><br>    Defendant. | No. 4:18-CR-06054-001-EFS<br><br>UNITED STATES OF AMERICA'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT<br><br>Date: August 1, 2022<br>Without Oral Argument |

The United States of America, by and through Vanessa R. Waldref, United States Attorney, and Brian M. Donovan, Assistant United States Attorney, pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), requests this Court to enter an order authorizing the Bureau of Prisons to turn over to the Clerk of Court all of the funds held in the inmate trust account for the above named Defendant, less $200 to remain in the account, as payment toward the criminal monetary penalties imposed in this case.[1] In support of this motion, the United States provides the following:

1.     The Defendant, SAMI ANWAR, was convicted of conspiracy to commit wire fraud, conspiracy to commit mail fraud, wire fraud, mail fraud, fraudulently obtaining controlled substances, furnishing false or fraudulent material information, in

---

[1] According to the most recent account balance obtained from Bureau of Prisons, the inmate account balance for the Defendant is approximately $3,010.54.

UNITED STATES OF AMERICA'S MOTION TO AUTHORIZE
PAYMENT FROM INMATE TRUST ACCOUNT - 1

violation of 18 U.S.C. § 1349, 18 U.S.C. § 1343, 18 U.S.C. § 1341, 21 U.S.C. § 843(a)(3), 21 U.S.C. § 843(a)(4)(A).

2. On October 1, 2020, this Court sentenced the Defendant to a 340-month term of imprisonment followed by 36 months of supervised release. Additionally, the Defendant was ordered to pay $1,895,250.10 in restitution, and $4,700.00 in special penalty assessments.

3. As of September 30, 2020, the Defendant has paid $125.00 toward the special penalty assessments and/or restitution, leaving a balance of $1,895,125.10.

4. The Defendant remains in custody at the United States Penitentiary, in Sheridan, OR. He is scheduled to be released from federal custody on February 1, 2049.

5. The United States Attorney's Office for this district was recently informed that the Defendant currently maintains funds in his inmate trust account maintained by the Bureau of Prisons ("BOP")[2]. In accordance with its regulations, the BOP deposited these funds into the Defendant's trust account, and it currently maintains in its possession, custody, or control approximately $3,010.54 in funds belonging to the Defendant. By this motion, the United States seeks entry of an order authorizing the BOP to turn over these funds to the Clerk of Court as payment toward the Defendant's outstanding criminal monetary penalties.

---

[2] The purpose of inmate trust account or commissary account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by inmates from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id.* Deposits intended for the inmates' account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

UNITED STATES OF AMERICA'S MOTION TO AUTHORIZE
PAYMENT FROM INMATE TRUST ACCOUNT - 2

6. Title 18, United States Code, Section 3613 sets forth the procedures for the United States to enforce criminal monetary penalties, including restitution and criminal fines. *See* 18 U.S.C. §§ 3613(a), 3613(f) (United States enforces restitution in the same manner as a fine). In particular, the statute provides that a sentence imposing restitution and/or a fine constitutes a lien in favor of the United States against all of the Defendant's property and rights to property. 18 U.S.C. § 3613(c).

Thus, the United States' lien attaches to the Defendant's interest in any funds held by the BOP in his inmate trust account. *See also* 18 U.S.C. § 3613(a) (United States enforces restitution against all property and rights to property of the Defendant); 18 U.S.C. § 3664(m) (United States may use all available and reasonable means to collect restitution). Also, pursuant to the Crime Victim Rights Act, the victims of the Defendant's crimes are entitled to full and timely restitution as provided by law. *See* 18 U.S.C. § 3771(a)(6).

7. More importantly, the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, *et seq.* ("MVRA"), which applies here, <u>requires</u> that the Defendant's resources received from any source during his term of incarceration must be applied to his outstanding monetary penalties.

Specifically, 18 U.S.C. § 3664(n), which provides the procedures for the imposition and enforcement of fines and restitution, states:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, *during a period of incarceration*, such person *shall be required to apply the value of such resources to any restitution or fine still owed.*

18 U.S.C. § 3664(n) (emphasis added). *See also United States v. Khazraeinazmpour,* 2015 WL 5311650, at *1 (D. Minn. Sept. 11, 2015) (§ 3664(n) "requires that a defendant's resources received from any source during a defendant's term of incarceration must be applied to their outstanding restitution obligation").

8. The funds in the Defendant's inmate account in the amount of $3,010.54 are "substantial" within the meaning of § 3664(n). Although the statute does not define the term "substantial," courts have found funds of similar amount satisfies the statute. *See, e.g. United States v. Rand,* 924 F.3d 140, 141 (7th Cir. 2019) (accepting argument that approximately $1,684.57 in inmate trust account was "substantial resource" requiring turnover, even on $96 million in outstanding restitution); *United States v. Lemberger,* 673 F. App'x 579, 579–80 (7th Cir. 2017) (government's § 3664(n) turnover request was lawful since defendant was "'a person obligated to pay restitution' who had a 'substantial' sum in his inmate trust account" in the form of $4,650); *United States v. Pittman*, 2022 WL 1173406 (M.D.N.C. Apr. 20, 2022) (turnover of $3,001.14 appropriate as "[s]everal courts have held that the accumulation of over $1,000 constitutes a material change affecting a defendant-inmate's ability to pay restitution under § 3664(k) or substantial resources under § 3664(n)"); *United States v. Messic*, 2022 WL 1028615 (S.D. Ill. Apr. 6, 2022) ($1,400 in economic stimulus funds considered "substantial"); *United States v. Norwood,* 2020 WL 773065, at *4 (D.N.J. Feb. 18, 2020) (granting government's turnover motion because of "substantial resources" of $5,931.40 in defendant's inmate account); *United States v. Brown,* 2017 WL 3493021, at *3 (S.D. Ill. Aug. 15, 2017) (finding approximately $4,500 in inmate account was "substantial resource" and granting motion to turn over $4,060 from the account); *United States v. Korbe,* No. 2020 WL 1929256, at *4 (W.D. Pa. Apr. 21, 2020) (funds in the amount of $5,915.07 in defendant's inmate account qualifies as "substantial" under § 3664(n)); *United States v. Brewer*, 2016 WL 6652996, at *4 (N.D. Tex. Oct. 21, 2016), *report and recommendation adopted*, 2016 WL 6650948 (N.D. Tex. Nov. 10, 2016), *aff'd*, 699 F. App'x 318 (5th Cir. 2017) (turnover order granted where defendant had $4,000 in inmate account and Government agreed to leave $200 in the account); *United States v. Poff*, 2016 WL 3079001, at *6 (W.D. Wash. June 1, 2016) (Robart, J.), *aff'd*, 727 F.

App'x 249 (9th Cir. 2018), *cert. granted, judgment vacated*, 139 S. Ct. 790, 202 L. Ed. 2d 561 (2019), *aff'd in part and remanded on other grounds*, 781 F. App'x 593 (9th Cir. 2019) ($2,663.05 satisfies the ordinary meaning of the term "substantial" funds).

9. The source of funds is also material to a motion to turnover inmate funds. In *Poff*, 781 F. App'x at 594-595, the Ninth Circuit adopted the Fifth Circuit's analysis in *United States v. Hughes*, 914 F.3d 947 (5th Cir. 2019), that § 3664(n) "refers to windfalls or sudden financial injections ... that become 'suddenly available'" to the defendant. *Hughes,* 914 F.3d at 951(citation omitted). In adoption *Hughes'* reasoning, the Ninth Circuit clarified, however, that § 3664(n) is not limited only to "unexpected windfalls," but the funds subject to turnover should be of a lump-sum character rather than regular, consistent deposits into the inmate account. *See Poff*, 781 F. App'x at 595, n.3. Thus, § 3664(n) does not apply to "periodically paid prison wages." *Poff,* 781 F. App'x at 595 ("To the extent any of Poff's $2,663.05 account balance is comprised of accumulated prison wages, we agree with the Fifth Circuit that those funds do not qualify under § 3664(n)"); *Hughes*, 914 F.3d at 951.

Consistent with *Poff*, which found § 3664(n) is not limited only to "unexpected windfalls," the source of funds is not limited to only an "inheritance, settlement, or other judgment." Rather, "the list in § 3664(n) is non-exhaustive, and [courts] have held that the provision permits seizure of funds from any source—no matter how acquired or for what purpose—to satisfy restitution." *United States v. Black*, 2022 WL 1011676, *2 (7th Cir. Apr. 5, 2022). As such, turnover of inmate funds consisting of deposits of from an inmate's family or friends for living expenses is appropriate if it constitutes a "substantial" sum.

10. Defendant currently has approximately $3,010.54 in his inmate account. The Government seeks turnover of the remaining funds in Defendant's inmate account, less $200 to remain in the account. Defendant has earned $27.11 in prison

wages. Thus, leaving $200 in the Defendant's inmate account satisfies the requirements of *Poff* and *Hughes*.

11. The United States further submits that an order authorizing the turnover of the Defendant's property is appropriate here, and the United States is not required to rely upon other formal collection remedies such as garnishment of or execution upon property to obtain these funds. "Section 3664(n) is a self-executing provision as long as the government shows that a person obligated to provide restitution receives 'substantial resources' while incarcerated." *Kobre*, 2020 WL 1929256 at *3 (Section 3664(n) triggers an automatic payment obligation which does not require other garnishments or motions to collect the funds); *see also United States v. Bratton-Bey*, 564 F. App'x 28, 29 (4th Cir. 2014) (Government is not required a file a motion for modification of payment of 18 U.S.C. § 3664(k) to pursue inmate funds). The funds at issue currently are in the United States' possession, and the United States has a valid lien over this property, thus they are subject to a turnover order pursuant to § 3664(n).

12. In addition, turnover of the inmate funds is permissible regardless of whether Defendant is current on the payment plan ordered in the judgment. *See, e.g.*, *Poff*, 2016 WL 3079001 at *6 ("numerous courts, including district courts in the Ninth Circuit, have ruled that 'any schedule established by a court for payment of restitution does not prevent the United States from levying on a defendant's property to satisfy the order of restitution'") (citations omitted); *Kobre,* 2020 WL 1929256 at *6 ("because the installment plan acts as simply a floor, the payment schedule may be accelerated" through turnover of inmate funds); *Black*, 2022 WL 1011676 at *2 ("the payment plan is not a cap on collections and does not exclude [defendant's] trust account").

13. Because the property is cash, it does not fall within any applicable categories of the exempt property that a Defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for

UNITED STATES OF AMERICA'S MOTION TO AUTHORIZE
PAYMENT FROM INMATE TRUST ACCOUNT - 6

criminal cases). For criminal debts such as restitution, federal law provides that only very limited categories of property are exempt from collection. 18 U.S.C. § 3613(a)(l).

14.     The Defendant also failed to notify this Court and the United States Attorney's Office that he acquired these funds as required by statute and the Judgment entered on October 1, 2020. ECF No. 241.  Federal law states that the Defendant must notify the Court and the United States Attorney's Office of any material change in his "economic circumstances" that might affect the Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). "Upon receipt of such notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id*. The receipt of $3,010.54  in funds by the Defendant certainly constitutes a material change in his "economic circumstances" that affects his ability to pay restitution and/or any fines under § 3664(k).

15.     The United States has served the Defendant with a copy of this motion, and he may object to the United States' intended use of his property. The United States is not aware of any other party who may claim an interest in this property.

16.     The United States submits that the requested relief is reasonable and appropriate in this instance where the Defendant has accumulated significant funds in his inmate trust account yet has applied $125.00 toward his monetary penalties. Also, without this relief, the BOP will be required to allow the Defendant access to these funds. This would allow the Defendant, or others, the opportunity to possibly dissipate, conceal, or transfer the funds without first paying his monetary penalties.

17.     The Defendant is scheduled to remain incarcerated until February 1, 2049. The Defendant was convicted of serious offenses, and his/her restitution obligations and/or criminal fines are due and owing. Accordingly, the United States requests that the Court grant its motion and order that the BOP turn over the funds in the Defendant's inmate trust account to the Clerk of Court to be applied to partially

satisfy the Defendant's criminal restitution obligations and/or criminal fines.

Accordingly, the United States requests that the Court grant its motion and order that the BOP turn over all of the funds in the Defendant's inmate trust account, less $200 to remain in the Defendant's account, to the Clerk of Court to be applied to partially satisfy the Defendant's restitution obligations and/or criminal fines.

WHEREFORE, for the reasons explained above, the United States requests that this Court grant its motion.

DATED June 30, 2022.

                                    Vanessa R. Waldref
                                    United States Attorney

                                    *s/ Brian M. Donovan*
                                    Brian M. Donovan
                                    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following CM/ECF participant(s):

Jeffry Finer
Attorney for Sami Anwar
jfiner@ksblit.legal

                                    *s/ Brian M. Donovan*
                                    Brian M. Donovan
                                    Assistant United States Attorney