FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 28, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>       v.<br><br>SAMI ANWAR,<br><br>             Defendant. | No.    4:18-cr-6054-EFS-1<br><br>**ORDER TO SHOW CAUSE AND PLACING HOLD ON DEFENDANT'S INMATE TRUST ACCOUNT** |

Before the Court is the United States' Motion to Authorize Payment from Inmate Trust Account.[1]  The United States "requests this Court to enter an order authorizing the Bureau of Prisons to turn over to the Clerk of Court all of the funds held in the inmate trust account for the above named Defendant, less $200 to remain in the account, as payment toward the criminal monetary penalties imposed in this case."[2]  For the reasons that follow, the Court finds that it lacks sufficient information to rule upon the United States' motion and places a hold on the requested funds pending additional filings and further court order.

//

---

[1] ECF No. 300.

[2] ECF No. 300 at 1.

ORDER - 1

1    In its motion, the United States primarily invokes the Mandatory Victims

2    Restitution Act (MVRA)—specifically 18 U.S.C. § 3664(n).[3]  However, as the United

3    States acknowledges, in the unpublished decision of *United States v. Poff*, the

4    Court of Appeals for the Ninth Circuit was "persuaded by the Fifth Circuit's

5    analysis . . . that § 3664(n) refers to windfalls or sudden financial injections that

6    become 'suddenly available' to the defendant.[4]  The Ninth Circuit's decision in *Poff*,

7    and the cases cited therein, strongly suggest that § 3664(n) does not apply to small

8    amounts regularly received by a prisoner, even if they accumulate into a

9    substantial sum.[5]

10    Here, as in *Poff*, "the record is unclear about the source of the funds [to be]

11    seized from [Defendant]'s inmate trust account."[6]  The United States has not

12    presented any evidence regarding the sources, the amounts, or the timing of the

13    deposited sums comprising Defendant's trust-account balance.  This leaves the

14    Court unable to "determine the exact composition of the account balance and to

15    determine if the government's turnover motion is properly considered pursuant to

16    § 3664(n) or if [any] payments constitute a 'material change in the defendant's

17

---

18    [3] *See, generally*, ECF No. 300.

19    [4] *United States v. Poff*, 781 F. App'x 593, 594 (9th Cir. 2019) (cleaned up) (quoting

20    *United States v. Hughes*, 914 F.3d 947, 951 (5th Cir. 2019)).

21    [5] *See id.* at 594–95 (indicating § 3664(n) does not apply to accumulated prison

22    wages or disability payments received).

23    [6] *Id.* at 594.

ORDER - 2

economic circumstances,' better addressed pursuant to § 3664(k) . . . ."[7]  The Court

therefore directs the United States to show cause why the Court should order the

requested payment from Defendant's trust account.

However, the Court agrees with the United States that, absent court action,

Defendant and/or others could have "the opportunity to possibly dissipate, conceal,

or transfer the funds without first paying his monetary penalties."[8]  As such, until

the Court rules upon the United States' motion, the Bureau of Prisons shall place a

hold on any withdrawals from Defendant's trust account, except for $500.00, which

shall remain available to him as general funds.[9]

Accordingly, **IT IS HEREBY ORDERED**:

1.    By **Thursday, August 04, 2022**, the United States shall file

additional briefing and/or evidence showing cause why the Court

should order payment from Defendant's trust account.

---

[7] *See Poff*, 781 F. App'x at 595 (reversing and remanding for the district court to

make such a determination); *see also* 18 U.S.C. § 3664(k).

[8] ECF No. 300 at 7.

[9] The Court sets aside the $500.00 in general funds for Defendant's commissary

needs and/or similar expenses during the interim. *Cf.* Zoukis Consulting Group,

*Inmate Canteen/Inmate Commissary Items*, https://prisonerresource.com/prison-

life/first-day-in-prison/inmate-canteen-prison-commissary/ (last viewed July 27,

2022) (listing $360.00 as the monthly spending limit for the commissary at FCI

Sheridan).

2.    By **Thursday, August 25, 2022**, Defendant may file an optional response.

3.    By **Tuesday, August 30, 2022**, the United States may file an optional reply to Defendant's response.  Such reply shall not exceed **5 pages**.

4.    The United States' Motion to Authorized Payment from Inmate Trust Account, **ECF No. 300**, is **RESET** for hearing without oral argument on **Friday, September 02, 2022**.

5.    Pending further court order, the Bureau of Prisons is directed to place a **HOLD on all funds, EXCEPT for $500.00 in general funds**, currently held or subsequently deposited in Defendant's inmate trust account:

> Sami Anwar, Reg. No. 21140-085
> FCI Sheridan
> Federal Correctional Institution
> P.O. Box 5000
> Sheridan, OR 97378.

IT IS SO ORDERED.  The Clerk's Office is directed to enter this order and provide copies to Defendant, the Bureau of Prisons, and all counsel.

**DATED** this 28th day of July 2022.

    s/Edward F. Shea
    EDWARD F. SHEA
    Senior United States District Judge

ORDER - 4